PORTER | SCOTT
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Derek H. Haynes, SBN 264621
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF YUBA, (erroneously sued as YUBA COUNTY DEPT. ADMINISTRATIVE SERVICES and YUBA COUNTY HUMAN RESOURCES), PAT THOMAS, JEFF DELANEY, TARA FLORES, DOUG McCOY and CINDY CLARK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BILLY WILDEN,

Plaintiff,

v.

COUNTY OF YUBA, a California Municipality, YUBA COUNTY DEPT. ADMINISTRATIVE SERVICES, YUBA COUNTY HUMAN RESOURCES, PAT THOMAS, JEFF DELANEY, TARA FLORES, DOUG McCOY, CINDY CLARK, STEVE ZANAROLI, and DOES 1 TO 50,

Defendant.

_______________________________________/

Case No: 2:11-cv-02246-JAM-GGH

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**DATE: 02/22/2012**
**TIME: 9:30 a.m.**
**CTRM: 6**

Complaint Filed: 08/23/2011
Amended Complaint Filed: 12/08/2011

This matters comes before the Court on a Motion to Dismiss Plaintiff Billy Wilden's Amended Complaint by Defendants COUNTY OF YUBA, PAT THOMAS, JEFF DELANEY, TARA FLORES, DOUG McCOY and CINDY CLARK (collectively "Defendants"). (Doc. #10) Plaintiff filed an Opposition to the Motion. (Doc. #11) Defendants filed a Reply to the Opposition. (Doc. #12)

The hearing on the Motion was held on February 22, 2012. Plaintiff was represented at that hearing by David Collins and Sukhraj Pamma of the Law Offices of David Collins. Defendants were



PDF created with pdfFactory trial version www.pdffactory.com

represented by Derek Haynes of Porter Scott. For the reasons set forth below, Defendants' Motion is GRANTED WITHOUT LEAVE TO AMEND.

I. Claims for Relief and Procedural History

Plaintiff filed his original Complaint on August 23, 2011. (Doc. #1) Defendants filed a Motion to Dismiss that Complaint. (Doc. #7) Rather than filing an Opposition to that Motion, Plaintiff filed an Amended Complaint, which is the subject of the Motion currently before this Court. (Doc. #8) Plaintiff asserts a total of Nine Claims for Relief all stemming from his employment as a Maintenance Worker for YUBA COUNTY.

On December 29, 2010, Plaintiff filed a Government Claim with YUBA COUNTY pursuant to California Government Code §910 *et seq.* A copy of that Claim is attached to Plaintiff's Amended Complaint as Exhibit 3. The COUNTY issued a Notice of Rejection and Denial of that Claim on February 24, 2011. A copy of that Notice is attached to Plaintiff's Amended Complaint as Exhibit 4.

II. Opinion

A. Legal Standard

1. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Schauer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Bato, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions" however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint is subject to dismissal under Rule 12(b)(6), if it appears from the face of the pleading that the action was filed after the applicable statute of limitations had expired. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1979).

Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal with



PDF created with pdfFactory trial version www.pdffactory.com

prejudice and without leave to amend is appropriate where it is clear the complaint could not be saved by amendment. Eminence Capital L.L.C. v. Aspeon Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Claims for Relief

1. First Claim for Relief – California Labor Code §1102.5 – Whistleblower Retaliation.

Plaintiff's First Claim for Relief is for Whistleblower Retaliation under California Labor Code §1102.5 against all Defendants. Defendants moved to dismiss that claim as untimely. Whistleblower Retaliations Claims under California labor Code § 1102.5 must be filed within one year of the alleged retaliatory act. California Code of Civil Procedure § 340(a); Fenters v. Chevron, 2009 U.S. Dist. LEXIS 115903, 22-23 (E.D. Cal. 2009). Here, Plaintiff's claim is based on allegations that he was reprimanded on March 3, 2010 and subsequently terminated on July 1, 2010 for reporting alleged safety violations. However, he did not file his Complaint until August 23, 2011.

In his Opposition, Plaintiff argued that he was excused from complying with the one-year statute of limitations because he filed a Government Claim under California Government Code §910 *et seq.* and thus had six months from the date of the rejection of that Claim to file his lawsuit. Plaintiff did not cite to any authorities supporting that proposition, nor is it supported by case law. See Roberts v. County of Los Angeles, 175 Cal.App. 4th 474 (2009)(holding that plaintiffs must comply with the time limits for administrative complaints in addition to all other applicable statutes of limitations.) Plaintiff did not comply with the statute of limitations in this action because he did not file his Complaint until August 23, 2011, which is more than one year after the alleged retaliatory acts.

Additionally, Defendants argued that Plaintiff failed to exhaust his administrative remedies before the California Labor Commission as a condition precedent to filing suit under Labor Code § 1102.5. Campbell v. Regents the University of California 35 Cal. 4th 311, 333-4 (2005). Plaintiff did not dispute this argument in his Opposition.

Plaintiff cannot cure either of these deficiencies by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's First Claim for Relief is GRANTED WITH PREJUDICE.

///



PDF created with pdfFactory trial version www.pdffactory.com

2. Second Claim for Relief – Retaliation Under The Fair Employment & Housing Act – Gov. Code § 12940.

Plaintiff's Second Claim for Relief is a retaliation claim under the California Fair Employment & Housing Act (FEHA). Defendants moved to dismiss that Claim because Plaintiff failed to exhaust his administrative remedies with the Department of Fair Employment & Housing (DFEH). Filing such a claim is a mandatory prerequisite to bringing an action for damages under the FEHA. Medix Ambulance Service, Inc. v. Superior Court 97 Cal.App.4th 109, 116 (2002). The Claim must be filed with the DFEH within one year of the date of the alleged retaliatory act. California Government Code § 12960(d); Holland v. Union Pacific Railroad, 154 Cal.App.4th 940, 945 (2007). Plaintiff did not allege that he filed a Claim with the DFEH, nor did he oppose Defendants' argument regarding such a failure.

Additionally, Defendants argued that Plaintiff failed to plead sufficient facts to support his retaliation claim. To establish a prima facie case of retaliation under Gov. Code § 12940, Plaintiff must establish that they were retaliated against because they opposed a practice forbidden under the FEHA or because they filed a Complaint, testified or assisted in any proceeding under the FEHA. Gov. Code § 12940(h); Morgan v. Regents the University of California, 88 Cal.App.4th 52, 69-70 (2009). Here, Plaintiff's claim is based on allegations that he was retaliated against for reporting safety violations. Reporting safety violations is not a protected activity under the FEHA. Government Code §12940(h).

Defendants THOMAS, DELANEY, FLORES McCOY AND CLARK also moved to dismiss Plaintiff's retaliation claim on the grounds that retaliation claims are not viable against individual defendants. In Jones v. Torrey Pines Partnership, 42 Cal.4th 1158 (2008), the California Supreme Court held that non-employer individuals cannot be held personally liable for their role in alleged retaliation under the FEHA. Liability extends exclusively to the employer. Plaintiff did not oppose this argument.

Plaintiff cannot cure the deficiencies with this claim for relief by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Second Claim for Relief is GRANTED WITH PREJUDICE.



PDF created with pdfFactory trial version www.pdffactory.com

3. Third Claim For Relief – California Labor Code § 6310.

Plaintiff's Third Claim for Relief is for an alleged violation of Labor Code § 6310, which prohibits an employer from discharging an employee for complaining of unsafe working conditions. Defendants move to dismiss that claim on the grounds that Plaintiff failed to exhaust his administrative remedies under the California Government Claims Act. That Act requires that plaintiffs file a Government Claim under Government Code § 910 *et seq.* as a mandatory prerequisite to maintaining any state law claims against a public entity or its employees. Californian Government Code §§ 905, 911.2, 945, 950.2; Craighton v. City of Livington, 628 F.Supp.2d 1199 (E.D. Cal. 2009). Plaintiff attached a copy of his Government Claim to his Amended Complaint as Exhibit 3. That Claim does not include an allegation under Labor Code § 6310. Therefore, Plaintiff failed to exhaust his administrative remedies.

Additionally, Plaintiff's Third Claim for Relief is untimely. Claims under California Labor Code § 6310 are governed by a one year statute of limitations. Barton v. New Unified Motor Mfg., Inc. 43 Cal.App.4th 1200, 1205-1209 (1996). Here, Plaintiff's claim is based on allegations that he was terminated on July 1, 2010 for reporting safety violations. However, he did not file his Complaint until August 23, 2011. Therefore, his claim is untimely.

Further, California Labor Code § 6310 claims are not viable against individual defendants. See Jacobs v. Universal Development Corp., 53 Cal.App.4th 692, 704 (1997). Plaintiff does not oppose this argument in his Opposition.

Plaintiff cannot cure the deficiencies with this claim for relief by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief is GRANTED WITH PREJUDICE.

4. Fourth Claim For Relief – Slander.

Plaintiff's Fourth Claim for Relief is a state law slander claim. Defendants moved to dismiss that claim on the grounds that it is untimely, Plaintiff failed to exhaust his administrative remedies, Plaintiff failed to plead sufficient facts to support a viable claim for slander, and the individual Defendants are immune under Gov. Code § 822.2. Plaintiff did not address any of these arguments in his Opposition.



PDF created with pdfFactory trial version www.pdffactory.com

Under California Code of Civil Procedure § 340, there is one-year statute of limitations for slander causes of action. Here, Plaintiff's claim is based on statements that were allegedly made on March 3, 2010 and June 18, 2010. However, he did not file his Complaint until August 23, 2011.

Plaintiff also failed to identify the slanderous statements made by each Defendant and did not allege slander in his Government Claim as required under Government Code §§ 905, 911.2, 945 and 950.2.

Lastly, Defendants are all immune from liability under Government Code §822.2, which immunizes public employees for injuries caused by their misrepresentation, whether or not such representation was negligent or intentional.

Plaintiff cannot cure the deficiencies with this claim for relief by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief is GRANTED WITH PREJUDICE.

5. Fifth Claim for Relief – Intentional Infliction of Emotional Distress.

Plaintiff's Fifth Claim for Relief is a state law claim for Intentional Infliction of Emotional Distress against Defendants THOMAS, DELANEY, FLORES, McCOY and CLARK. Plaintiff failed to allege an intentional infliction of emotional distress claim in his Government Claim as required under California Gov. Code §§ 905, 911.2, 945, 950.2. Therefore, he failed to exhaust his administrative remedies. Plaintiff did not address this argument in his Opposition.

Additionally, Plaintiff failed to allege facts sufficient to support a claim for intentional infliction of emotional distress. Specifically, he did not identify the conduct by each Defendant that allegedly gives rise to his claim, that they intended to cause or acted with reckless disregard for the probability of causing emotional distress, or that they engaged in outrageous conduct. Hughes v. Pair, 46 Cal.4th 1035, 1050-1051 (2009); Jenken v. G.M. Hughs Electric, 46 Cal.App.4th 55, 80 (1996). Plaintiff did not address any of these arguments in his Opposition.

Plaintiff cannot cure the deficiencies with this claim for relief by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Fifth Claim for Relief is GRANTED WITH PREJUDICE.

///



PDF created with pdfFactory trial version www.pdffactory.com

6. Sixth Claim for Relief – Harassment Under The Fair Employment and Housing Act.

Plaintiff's Sixth Claim for Relief is for Harassment under the FEHA. As with his retaliation claim, Plaintiff failed to allege that he filed a claim with the DFEH, which is a mandatory prerequisite to maintaining a cause of action under the FEHA. Plaintiff did not dispute that argument in his Opposition. Additionally, Plaintiff failed to plead sufficient facts to recover for harassment under the FEHA. The FEHA prohibits harassment based on an individual's "protected characteristic." Lyle v. Warner Brothers Television Productions, 38 Cal.4th 264, 278-279 (2006). "Protected characteristics" include "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age or sexual orientation." California Government Code § 12940(j). Here, Plaintiff pled that he was harassed because he allegedly reported safety violations. Reporting safety violations is not a "protected characteristic" under the FEHA.

Plaintiff cannot cure the deficiencies with this claim for relief by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Sixth Claim for Relief is GRANTED WITH PREJUDICE.

7. Seventh Claim For Relief – Interference with Economic Relationship – Labor Code §§ 1050, 1052 And 1054.

Plaintiff's Seventh Claim for Relief is for interference with an economic relationship under Labor Code §§ 1050, 1053 and 1054. Defendants move to dismiss this claim as untimely, because Plaintiff failed to exhaust his administrative remedies, and failed to plead sufficient facts. Plaintiff failed to address any of these arguments in his Opposition.

Reviewing the Government Claim attached to Plaintiff's Amended Complaint as Exhibit 3, the Court notes that Plaintiff lists Labor Code § 1054 and 105. Even assuming that to be a typo and, thus, that Plaintiff exhausted his administrative remedies, the claim is still untimely. Claims filed under California Labor Code § 1050, 1053 and 1054 must be filed within one year of the alleged act that interfered with the economic relationship. Colanno v. Terra Vac Corp., 2008 U.S. Dist. LEXIS 41613, * 9-10 (E.D. Cal. 2008). Here, Plaintiff's claim is based on an act that allegedly occurred on June 18, 2010. However, he did not file his Compliant until August 23, 2011. Therefore, it is



PDF created with pdfFactory trial version www.pdffactory.com

untimely.

Alternatively, Defendants argued that Plaintiff failed to plead sufficient facts. Plaintiff names McCOY, DELANY, CLARK, FLORES and YUBA COUNTY as Defendants to this claim. However, the only act alleged in support of the claim was purportedly done by CLARK. As to CLARK, Defendants argued that Plaintiff failed to plead facts establishing that she made any misrepresentations or engaged in any other act that interfered with Plaintiff's employment opportunity. Plaintiff did not address these arguments in his Opposition.

Plaintiff cannot cure the deficiencies with this claim for relief by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Seventh Claim for Relief is GRANTED WITH PREJUDICE.

8. Eighth Claim for Relief – Breach Of The Covenant Of Good Faith And Fair Dealing

Plaintiff's Eighth Claim for Relief is for an alleged breach of the Covenant of Good Faith and Fair Dealing based on the termination of his employment. A prerequisite to any such claim is the existence of a contractual relationship between the parties. Smith v. City and County of San Francisco, 225 Cal.App.3d 38, 48 (1990). However, under California law, the terms of public employment are governed entirely by statute, not by contract, and thus, as a matter of law, there can be no express or implied in fact contract between Plaintiff and the COUNTY. Portman v. County of Santa Clara, 995 F.2d 898, 905 (9th Cir. 1993). Given Plaintiff cannot plead a contractual relationship with the County governing his employment, he likewise cannot state a claim for breach of the Covenant of Good Faith and Fair Dealing arising from his termination. Plaintiff did not address this argument in his Opposition.

Plaintiff cannot cure the deficiencies with this claim for relief by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Eighth Claim for Relief is GRANTED WITH PREJUDICE.

9. Ninth Claim For Relief – ERISA §510.

Plaintiff's Ninth Claim for Relief is for an alleged violation of ERISA § 510, which precludes adverse actions taken for the specific intent of interfering with ERISA rights. There are no facts



PDF created with pdfFactory trial version www.pdffactory.com

alleged in Plaintiff's Amended Complaint to support a claim that Plaintiff was terminated to deprive him of his benefits under ERISA. All the facts alleged in the Amended Complaint go to alleged retaliation for reporting safety violations. Plaintiff did not address this argument in his Opposition.

Alternatively, Defendants also argued that the Claim is untimely. There is one-year statute of limitations for all claims pled under ERISA § 510. Burrey v. Pacific Gas & Electric Co., 159 F.3d 388, 396-397 (9th Cir. 1998). Here, Plaintiff alleges that he was terminated on July 1, 2010, but he did not file his Complaint until August 23, 2011. As a result, the Claim is untimely. Plaintiff again, did not address this argument in his Opposition.

Plaintiff cannot cure the deficiencies with this claim for relief by further amendment. Therefore, Defendants' Motion to Dismiss Plaintiff's Ninth Claim for Relief is GRANTED WITH PREJUDICE.

10. Defendant STEVE ZANAROLI.

STEVE ZANAROLI was named as a Defendant in Plaintiff's Amended Complaint. At the hearing on Defendants' Motion to Dismiss, Plaintiff's counsel asked the Court to dismiss ZANAROLI as a Defendant, with prejudice. Accordingly, ZANAROLI is hereby DISMISSED WITH PREJUDICE.

III. Order.

For all of the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is GRANTED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: 3/1/2012

/s/ John A. Mendez________
The Hon. John A. Mendez
U.S. District Court Judge
Eastern District of California



PDF created with pdfFactory trial version www.pdffactory.com