UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY WILDEN ) | Case No. 2:11-CV-02246-JAM-GGH |
| ) | |
| Plaintiff, ) | ORDER DENYING DEFENDANTS' |
| ) | MOTION FOR SANCTIONS |
| v. ) | |
| ) | |
| COUNTY OF YUBA, a California ) | |
| Municipality; et al. ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants County of Yuba, a California Municipality, Pat Thomas, Jeff Delaney, Tara Flores, Doug McCoy, and Cindy Clark's (collectively "Defendants") Motion for Sanctions (Doc. #20), which seeks an award of sanctions against Plaintiff's Counsel David J. Collins ("Plaintiff's Counsel").  This action was originally filed by Plaintiff Billy Wilden ("Plaintiff"), but since the present motion seeks sanctions against Plaintiff's Counsel, Plaintiff's Counsel filed an opposition (Doc. #25), to which Defendants replied (Doc. # 27).

The procedural history giving rise to Defendants' motion is as follows.  Plaintiff filed a complaint alleging a series of violations related to Plaintiff's employment, including

1

1  whistleblower retaliation and related torts.  Defendants' counsel
2  informed Plaintiff's Counsel via letter that the Complaint suffered
3  from numerous legal deficiencies, and that Defendants would seek
4  dismissal and sanctions if the Complaint were not voluntarily
5  withdrawn.  When Plaintiff did not withdraw the Complaint,
6  Defendants filed a motion to dismiss.
7       Rather than respond to the Motion to Dismiss, Plaintiff filed
8  an Amended Complaint.  The Amended Complaint did not materially
9  differ from the original Complaint.  Defendants' Counsel then sent
10 another letter requesting that Plaintiff voluntarily withdraw the
11 First Amended Complaint.  When Plaintiff did not, Defendants again
12 moved for dismissal.  Plaintiff's First Amended Complaint was then
13 dismissed with prejudice for the reasons originally enumerated in
14 the letters from Defendants' Counsel to Plaintiff's Counsel (Doc.
15 #16).
16      Defendants filed the present motion seeking sanctions pursuant
17 to 28 U.S.C. § 1927 and the Court's inherent authority because
18 Plaintiff's Counsel unnecessarily multiplied the proceedings.
19 Defendants submitted a declaration indicating that $14,293 was
20 expended on defending the entirety of the action, but they did not
21 present an itemized accounting of the fees incurred.  Fessenden
22 Decl. (Doc. #27-1) ¶ 2.  Plaintiff's Counsel opposes sanctions by
23 arguing that he believed, in good faith, that the statutes of
24 limitations were tolled with respect to Plaintiff's claims, and
25 that the financial resources of the respective parties militates
26 against awarding sanctions.
27      A party seeking an award of sanctions based on attorneys' fees
28 must provide an itemized list of those fees.  <u>In re Yagman</u>, 796

2

F.2d 1165, 1184 (9th Cir. 1986).  Without such a list, a court cannot determine the reasonableness of the requested sanctions. Id. at 1184-85.  Further, since 28 U.S.C. § 1927 only authorizes sanctions arising from the unnecessary multiplication of litigation, an itemized accounting which describes in detail the nature of the service performed, the number of billable hours worked on each task, and the hourly rate of each professional must be provided so that the court can determine what fees arise from the offending conduct.  Id.; 28 U.S.C. § 1927.

In this case, Defendants seek sanctions equal to all fees expended on the entire action, but without itemization, the Court cannot determine whether or not the requested fees are reasonable. Further, insofar as Defendants' motion is made pursuant to 28 U.S.C. § 1927, the Court cannot determine what fees arise directly from unnecessary multiplication of the proceedings.  For these reasons, Defendants' Motion for Sanctions is denied.

ORDER

For the reasons stated above, Defendants' Motion for Sanctions is DENIED without prejudice.

IT IS SO ORDERED.

Dated: June 13, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE