UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY WILDEN, | Case No. 2:11-cv-02246-JAM-GGH |
| Plaintiff, | <u>ORDER GRANTING IN PART</u> <u>DEFENDANTS' MOTION FOR FEES</u> |
| v. | |
| COUNTY OF YUBA, et al., | |
| Defendants. | |

This matter is before the Court on Defendants County of Yuba, a California Municipality, Pat Thomas, Jeff Delaney, Tara Flores, Doug McCoy, and Cindy Clark's (collectively "Defendants") Motion for Sanctions (Doc. #30), which seeks an award of sanctions against Plaintiff's Counsel David J. Collins ("Plaintiff's Counsel"). This action was originally filed by Plaintiff Billy Wilden ("Plaintiff"), but since the present motion seeks sanctions against Plaintiff's Counsel, Plaintiff's Counsel filed an opposition (Doc. #31), to which Defendants replied (Doc. #32).

The procedural history giving rise to Defendants' motion is as follows. Plaintiff filed a complaint alleging a series of violations related to Plaintiff's employment including whistleblower retaliation and related torts. Defendants' counsel

informed Plaintiff's Counsel via letter that the Complaint suffered from numerous legal deficiencies, and that Defendants would seek dismissal and sanctions if the Complaint were not voluntarily withdrawn. Fessenden Decl. (Doc. #30-2), Ex. A. When Plaintiff did not withdraw the Complaint, Defendants filed a motion to dismiss (Doc. #7).

Rather than respond to the Motion to Dismiss, Plaintiff filed an Amended Complaint that did not materially differ from the original Complaint (Doc. #8). Defendants' Counsel then sent another letter requesting that Plaintiff voluntarily withdraw the First Amended Complaint. Fessenden Decl., Ex. B. When Plaintiff did not, Defendants again moved for dismissal. Plaintiff's First Amended Complaint was dismissed with prejudice for the reasons originally enumerated in the letters from Defendants' Counsel to Plaintiff's Counsel (Doc. #16).

Defendants filed the present motion seeking sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority because Plaintiff's Counsel unnecessarily multiplied the proceedings. Defendants submitted a declaration indicating that $14,480 was expended on defending the entirety of the action, along with an itemized description of the work performed. Fessenden Decl. ¶ 8, Ex. C. Plaintiff's Counsel opposes sanctions by arguing that he believed, in good faith, that the statutes of limitations were tolled with respect to Plaintiff's claims, and that he would be financially burdened by an award of sanctions in the amount requested by Defendants.

A. <u>Sanctions Pursuant to 28 U.S.C. § 1927</u>

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927. Section 1927 sanctions must be based on a finding of subjective bad faith.  <u>Pratt v. California</u>, 11 F. App'x 833, 835 (9th Cir. 2001). Bad faith can be found when an attorney knowingly or recklessly raises a frivolous argument or raises an argument only to harass an opponent.  <u>Id.</u>

Because a party "may" be required to satisfy expenses, courts have substantial discretion to award or not award sanctions under § 1927.  <u>Haynes v. City & Cnty. of San Francisco</u>, No. 10-16327, 2012 WL 2989092, *2, — F.3d —, 12 Cal. Daily Op. Serv. 8260 (9th Cir. July 23, 2012).  An award cannot exceed the amount expended by the opposing party, but the award may be less than that amount. <u>Id.</u> (citing <u>United States v. Associated Convalescent Enters., Inc.</u>, 766 F.2d 1342, 1347-48 (9th Cir. 1985)).  Section 1927 only authorizes an award for amounts expended due to unreasonable conduct, not a general award of sanctions.  <u>Associated Convalescent Enters.</u>, 766 F.2d at 1347-48.

In the present matter, Defendants contend that Plaintiff's Counsel unreasonably filed an Amended Complaint that was materially identical to the original Complaint instead of responding to the substance of their motion to dismiss.  Defendants were accordingly forced to file an additional motion to dismiss that was nearly identical to the first.  Defendants also contend that the entire action was recklessly filed because it had no legal merit.

3

Plaintiff's Counsel only responds to the second contention by arguing that he believed, largely due to his inexperience, that the statutes of limitations were tolled on at least some of Plaintiff's claims.

The Court finds that Plaintiff's Counsel's reliance on the California Government Torts Claim Act, Cal. Gov't Code §§ 810-996.6, while legally insufficient to toll the limitations period of Plaintiff's claims, does not amount to recklessness or bad faith. The standard for awards under § 1927 does not permit sanctions for incompetence in the absence of bad faith. Accordingly, the Court does not agree with Defendants that an award should encompass the entire amount expended on this action. Plaintiff's Counsel, however, does not address Defendants' contention that the First Amended Complaint was filed merely to delay proceedings. Since the two complaints were substantively identical, the Court finds that Plaintiff's Counsel filed the First Amended Complaint only to delay his inevitable response to Defendants' motion to dismiss, and § 1927 sanctions are warranted insofar as Defendants legal fees stem from the amended complaint.

Based on a review of Defendants' Counsel's declaration concerning fees, the Court finds that Defendants' fees related to reviewing the amended complaint, revising their motion to dismiss to respond to the amended complaint, researching the law concerning sham pleadings and sanctions, and moving for sanctions stem from the amended complaint. The Court will not award Defendants their fees related to their initial evaluation of this case and the preparation and filing of their first motion to dismiss. The Court also finds that Defendants' Counsel's hourly rates of $170-$190 are

4

reasonable.  After reviewing the itemized billing records submitted in support of Defendants' motion, the Court finds that Defendants expended $7,549 because Plaintiff's Counsel unreasonably multiplied the proceedings.

Plaintiff's Counsel argues that even if an award of fees is proper under § 1927, the Court should reduce the award because he has limited ability to pay the fees.  The Court may consider an attorney's ability to pay when awarding § 1927 sanctions.  Haynes, 2012 WL 2989092 at *3 ("[A] district court may, in its discretion, reduce the amount of a § 1927 sanctions award, . . . because of the sanctioned attorney's inability to pay.")  In the present matter, Plaintiff's Counsel represents that an award of $14,480 is "tantamount to one third of his yearly income."  Opp. 5.  Extrapolating from that statement, an award of $7,549.00 would be approximately 17% of Plaintiff's Counsel's yearly income.  The Court finds that $7,549.00 exceeds Plaintiff's Counsel's ability to pay, and therefore awards Defendants $3,775.00.  The Court further finds that this amount is sufficient to 1) deter future misconduct and 2) compensate Defendants, in part, for their losses related to the misconduct. See Haynes, 2012 WL 2989092 at *3 (holding that § 1927 is designed to deter future misconduct, compensate victims of misconduct, or both).

   B.   Sanctions Under the Court's Inherent Power

Defendants argue that the Court may award sanctions pursuant to its inherent powers.  See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107-108 (9th Cir. 2002).  For the same reasons that an award of § 1927 sanctions is appropriate, the Court finds that an award of sanctions pursuant to its inherent power in the amount of

5

$3,775.00 is appropriate.

ORDER

For the foregoing reasons, Plaintiff's Counsel David J. Collins is hereby ordered to pay sanctions to Defendants in the amount of $3,775.00. Plaintiff's Counsel is ordered to arrange payment or a payment schedule with Defendants' Counsel within 20 days of this order.

IT IS SO ORDERED.

Dated: August 23, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE